IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-00536-WYD-KMT

BARRY CHANEY,

    Plaintiff,

v.

DIRECTIONAL PLUS, A DIVISION OF CATHEDRAL ENERGY SERVICES Inc., a Delaware corporation,

    Defendant.

_____

**ORDER**
_____

THIS MATTER comes before the Court *sua sponte* for reconsideration of Defendant's Motion to Dismiss the Complaint, filed May, 5, 2010. [ECF No. 8]. On the same day that Plaintiff responded to the Motion to Dismiss, May, 19, 2010, Plaintiff also filed an Amended Complaint. [ECF No. 10]. The Court denied the Motion to Dismiss as Moot. [ECF No. 14]. With the identical issue having been raised again by Defendant in its Motion for Summary Judgment, the Court exercises its discretion to consider the matter on its merits.

Defendant, Cathedral Energy Services, Inc., formerly d/b/a Directional Plus ("Defendant") moved to dismiss Plaintiff's Complaint on the grounds that it was filed more than 90 days after his receipt of a Right to Sue letter from the Equal Employment Opportunity Commission ["EEOC"]. Consequently, Defendant argues that the complaint is time-barred.

Plaintiff filed a charge of discrimination with the EEOC in the fall of 2009. He received a Right to Sue letter from the EEOC on December 3, 2009. [Complaint at ¶8].

Plaintiff's complaint was docketed on March 8, 2010.  It is plaintiff's contention that his complaint was constructively filed on March 3, 2010, because, he argues, that is the day it was received, and acknowledged, by a court clerk.  Defendant has pointed out that no evidence of the alleged March 3, 2010, email exchange between Plaintiff's counsel and the court has been produced, although it was requested by Defendant more than once. (Def.'s Mot. Summ. J. Ex. P, Q & R).

As noted, the Complaint was docketed on March 8, 2010. There is nothing in the court record to indicate any discussions between any court official with Plaintiff or his counsel before that date.  While Plaintiff makes arguments about the alleged March 3rd events, he has produced nothing that lends any credence to that set of contentions.

The Local Rules for this District require that a filing fee that is required to be paid for the filing of a document, be received before the clerk files the document.

> **The clerk shall require payment of a filing fee before a civil action**, suit, or proceeding **is filed**. When a pleading is received for filing without the required fee, the clerk shall notify the filing party that the pleadings will be held and not accepted for filing until the required fee is received or an order allowing the party to proceed in forma pauperis is entered. **When the filing fee or order is received, the clerk shall file the pleading.**

**D.C.COLO.LCivR 3.3A** (emphasis added).

It is obvious from the wording of the local rule that it is meant to supplement the Federal Rules of Civil Procedure.  Plaintiff argues that although the Local Rule cited is meant to clarify the use of the word 'file' or 'filing' in Fed.R.Civ.P. 3 or 5, the Court should consider the late receipt of the filing fee in this case as a merely a 'failure to conform with formal requirements.'  The Court finds there are two problems with this suggestion.  The first is that, again, there is no evidence to support the court's receipt of Plaintiff's complaint

prior to March 8, 2010.  Consequently, Plaintiff's other arguments based on his alleged actions on March 3, 2010, will be disregarded by the Court.[1]  Secondly, obviously the particular Local Rule is titled "Payment of Fees" and deals with no other subject. Overlooking the rule in this instance to allow Plaintiff to posit filing of a complaint prior to proffering the filing fee, would be to ignore the rule in its entirety as applied to this case.

One can only imagine the problems engendered by a complaint that is 'filed' into the court, but the fees promised never arrive.  Having to retroactively 'unfile' a complaint would appear to be a much more questionable approach than a hard and fast rule that complaints will not be filed until the required fees are received.  Presumably this is why the rule was enacted.

"The ninety-day filing limit is not jurisdictional, but is a requirement that, like a statute of limitation, is subject to waiver, estoppel and equitable tolling. In this circuit, a Title VII time limit will be tolled only if there has been active deception of the claimant regarding procedural requirements." *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 259-60 (10th Cir.1994)(citations omitted). Plaintiff is not a prisoner filing a *pro se* habeas petition but rather an individual represented by counsel.  Furthermore, there is no allegation of deception or misinformation by either Defendant or any court official.

---

[1] Plaintiff makes numerous arguments in his response to Defendant's motion based on his "timely filing" of his Complaint document.  In light of Plaintiff's lack of supporting evidence, as well as the inferences that must be drawn from the evidence contained in the Court record, the Court declines to consider these contentions.

Therefore, for the reasons set forth herein, it is hereby

ORDERED that Defendant's Motion to Dismiss, filed May 5, 2010 [ECF No. 8] is **GRANTED**. Plaintiff's complaint is **DISMISSED With Prejudice**.

Dated:  June 7, 2011

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel  
                                      Wiley Y. Daniel  
                                      Chief United States District Judge